| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>*Marcia Y. Phillips, Esquire*<br>*Attorney At Law*<br>*430 Exton Square Parkway, Ste 1568*<br>*Exton, PA 19341*<br>*Tel: 856-282-1100*<br>*Fax: 888-303-2922*<br>*Email: mphillips@uprightlaw.com*<br>*Attorney for Debtor* | Order Filed on March 28, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ANGELIE GRIMM,<br>Debtor. | Case No.:  20-16393<br><br>Chapter:  13<br><br>Hearing Date:  3/29/2022 @ 10:00am<br><br>Judge:  CMG |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: March 28, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as 1833 1st Avenue, Toms River, New Jersey 08757 (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $26,458.00 claimed as exempt may be paid to the Debtor. The debtor will be entitled to the balance of the proceeds from the Sale after payment of all liens, retained professionals, costs of sale and the Chapter 13 Trustee.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:    The following professionals may be paid at closing:

| Name of Professional | Amount to be paid | Services rendered |
| --- | --- | --- |
| Peter A. Loffredo Law Office | $1175.00 ($1075 Fees & $100 Costs) | Seller/Debtor's Real Estate Attorney |
| Jean Calvetto Exit Realty Smart Move | $29,250.00 4.5% of selling price of $650,000.00 | Dual Real Estate Agent (disclosed dual agent-seller and buyer) |

10. The amount of funds due and owing to the Chapter 13 Trustee shall be sufficient to complete the Debtors Chapter 13 plan plus additional funds for $1,000 to cover supplemental attorneys fees to be approved by the Court.

11. Fed. R. Bankr. P. 6004(b) which provides for a 14 day stay of this Order is not applicable.

*rev.1/12/22*